KINSMAN (PARKHURST v.). See Cases Nos. 10,757–10,761.

## Case No. 7,833.

### In re KINTZING.

[3 N. B. R. 217 (Quarto, 52).] [1]

District Court, E. D. Missouri. 1869.

BANKRUPTCY, ACT OF—INJUNCTION.

1. A general assignment by a debtor of all his estate and effects is not of itself merely an act of bankruptcy. but when the debtor is for other causes adjudged bankrupt. his assets will be administered under the provisions of the court in bankruptcy.

[1] [Reprinted by permission.]

2. When a petition for an injunction against other parties than the debtor is united with a petition in involuntary bankruptcy, the injunction will be only provisional. until the court can act upon the petition to adjudge the debtor a bankrupt, and a bill must then be filed to secure the relief sought against parties other than the bankrupt.

[Cited in Re Moses, Case No. 9,869.]

Petitioning creditors filed their petition to adjudge Kintzing a bankrupt, alleging as acts of bankruptcy, that, being a merchant, he had suspended payment of his commercial paper and had not resumed within fourteen days; that he had made payments to divers creditors with a view to give them a preference, and that he had made a general assignment of all his estate to John W. Pritchard for the benefit of all his creditors under the statute of the state, with a view to avoid the effect of the bankrupt act [of 1867 (14 Stat. 517)], and prayed for an injunction against any disposition of the property by Pritchard.

THE COURT issued a rule upon the debtor to show cause on September 30, why he should not be adjudged a bankrupt. but holding that the assignment being for the benefit of all the creditors generally was not an act of bankruptcy.

THE COURT issued an order upon Pritchard restraining him from making any payments, even for expenses, until the further order of the court, but permitting him to go on and make sales of the stock of goods assigned.

THE COURT called the attention of the counsel to the fact, that the petition for an injunction was combined with a petition to adjudge the debtor a bankrupt, and that the injunction must fall, when the debtor is adjudged bankrupt; and that if it was intended to take any action against the assignee a separate bill must then be filed, as the injunction issued upon the present petition would be only provisional. That when the debtor shall be adjudged bankrupt, his assets must then be administered under the provisions of the bankrupt law.

[For other cases in the same litigation, see note to Case No. 7,831.]