LEVI HAAS, Assignee, etc., Respondent, v. THOMAS O'BRIEN, Appellant.

An assignment for the benefit 'of creditors made by an insolvent debtor, in good faith, without intent to defeat the object, impair or impede the operation, or evade any of the provisions of the bankrupt act, and which transfers all his property without preferences, is not in violation of the spirit and intent of said act, and so is not void *per se.*

The fact that proceedings in bankruptcy are taken against the assignor within six months, does not affect the validity of such an assignment. The act was not intended to interfere with the action of a debtor, who, in good faith, with no fraudulent intent, voluntarily seeks to apply his property toward the payment of his debts in equal proportions, precisely as it would have been applied had proceedings been taken under the act.

Various United States District Court bankruptcy cases disapproved and distinguished.

(Argued June 12, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff, as assignee in bankruptcy of one Flanigan, to set aside a general assignment for the benefit of creditors, made by him, within six months prior to the commencement of bankruptcy proceedings, to defendant, and to compel defendant to account for the property received by him under said assignment.

The facts are sufficiently stated in the opinion.

*Jacob A. Gross* for the appellant. Plaintiff having failed to show an appointment, or to either allege or prove any transfer or assignment of the property claimed, was not entitled to the relief prayed for, and should have been nonsuited. (*Hampton* v. *Rouse*, 11 N. B. R., 472; *Schieffer* v. *Garret*, 2 id., 591; *Herndon* v. *Howard*, 4 id., 212; 40 How. Pr., 288; Bump on Bankruptcy [8th ed.], 139; id., § 5049, and notes, pp. 537, 538; id., § 5044, p. 473, and notes; id. [6th ed.], § 14; *Wells* v. *Brander*, 18 Miss., 348; *Cone* v. *Purcell*, 56

N. Y., 649; *Sanger* v. *Upton*, 13 Alb. L. J., No. 5, p. 81; *Sutherland* v. *Davies*, 10 N. B. R., 424; *Rogers* v. *Stevenson*, 16 Min., 68; *Cook* v. *Whipple*, 14 Am. R., 206; Bump on Bankruptcy [8th ed.], 529, § 5047, and notes.) Plaintiff having admitted that the general assignment was made in good faith, the court erred in holding it, *ipso facto*, fraudulent and void. (*Mayer* v. *Hellman*, 13 Alb. L. J., No. 12, pp. 199, 200; *Thrasher* v. *Bently*, 59 N. Y., 649; *Sedgwick* v. *Place*, 1 N. B. R. [204], 673; *Langley* v. *Perry*, 2 id. [180], 596; *Tiffany* v. *Lucas*, 8 id., 49; *Cook* v. *Rogers*, 3 Mich., 391; *Wilson* v. *City Bk.*, 17 Wal., 473, 484–485; *Browning* v. *Hart*, 6 Barb., 91, 94; *Beck* v. *Parker*, 3 Am. R. [65 Penn., 262], 625.) The general assignment was not a fraud upon the creditors or the bankrupt act. (*Langley* v. *Perry*, 2 N. B. R. [180], 597; *Tiffany* v. *Lucas*, 15 Wal., 410, 422; *Wilson* v. *Pearson*, 20 Ill., 81, 89; *Wadsworth* v. *Tyler*, 2 N. B. R., 316, 319–321; *Browning* v. *Hart*, 6 Barb., 91, 94; *Black* v. *Secor*, 1 N. B. R., 358, 359; *Buckingham* v. *McLean*, 13 How., 150, 167; *In re Craft*, 2 N. B. R., 112; Bump on Bankruptcy [6th ed.], 588; § 39, note *g*.) The motion to dismiss for want of jurisdiction should have been granted. (*Gilbert* v. *Priest*, 65 Barb., 444; *Brigham* v. *Claflin*, 7 N. B. R., 412; *Voorhees* v. *Frisbee*, 8 id., 152; *Shaw* v. *Meldrum*, 14 Abb. Pr., 165, and note; *Newman* v. *Fisher*, 37 Md., 259; *In re Wylie*, 2 N. B. R. [53], 137; *Davis* v. *Anderson*, 6 id., 146; R. S. U. S., 134, 135.)

*Samuel Hand* for the respondent. The assignment, having been made within six months before the filing of the petition in bankruptcy, was void. (Bump on Bankruptcy [5th ed.], 467, 510; id., 524–526; 2 B. R., 129, 131.) The State courts have jurisdiction of actions of this nature. (*Cook* v. *Whipple*, 55 N. Y., 150; *Sloan* v. *Lewis*, Alb. L. J., April 24, 1875, p. 266.)

MILLER, J. The assignment made by Flanigan to the defendant was in trust, to pay all the creditors of the assignor

equally and alike and without any preference; and it was admitted upon the trial that Flanigan, being insolvent, made and executed the assignment in good faith, and to insure, under and by virtue thereof, the distribution of all his property among his creditors without preference. It was also proved that it was made without any intention to delay, hinder or defraud creditors, or to defeat the object of the bankrupt act. The provision with which it is claimed that the assignment was in conflict and which rendered it void, declares that: "If any person, being insolvent or in contemplation of insolvency or bankruptcy, within six months before the filing of the petition by or against him, makes any payment, sale, assignment, transfer, conveyance, or other disposition of any part of his property to any person who then has reasonable cause to believe him to be insolvent, or to be acting in contemplation of insolvency, and that such payment, sale, assignment, transfer, or other conveyance, is made with a view to prevent his property from coming to the assignee in bankruptcy, or to prevent the same from being distributed under this act, or to defeat the object of, or in any way impair, hinder, impede, or delay the operation and effect of, or to evade any of the provisions of this act, the sale, assignment, transfer or conveyance shall be void, and the assignee may recover the property, or the value thereof, as assets of the bankrupt; and if such sale, assignment, transfer or conveyance is not made in the usual and ordinary course of business of the debtor, the fact shall be *prima facie* evidence of fraud." (See § 35 Bankrupt Law, also the last two clauses § 39 Bankrupt Law, before the amendment of June, 1874.)

Although the referee found that the assignment was void under the bankruptcy act, and that it did tend to evade the provisions of the same and prevent the assignor's property from being distributed, there is no distinct finding that the assignment was made in direct contravention of the provisions cited; and the fact that it was done in good faith and without any intention to violate or defeat the provisions of the act, as already stated, rebuts any presumption, arising under the act,

that it was *prima facie* fraudulent. The conclusion of the referee referred to, therefore, rests upon the simple fact that the assignment was made within six months prior to the filing of a petition in bankruptcy within the act, in contemplation of insolvency by the bankrupt, and with the knowledge of the defendant, or reasonable cause to believe, at the time, that Flanigan was insolvent.

The real question to be determined, then, is whether an act of this kind, made in good faith, and with no fraudulent intent, for the benefit of creditors, is in violation of the spirit and intention of the bankruptcy act, and for that reason fraudulent and void. The provisions cited evidently contemplated not only that the assignor should commit the act when insolvent or in contemplation of insolvency, but that the assignee should have reasonable ground to believe that such was the case, and that the assignment was made with a view of preventing the property from being disposed of under the bankruptcy act, and as therein provided. As there is no finding of fact that the intent was to evade any of the provisions of the act, and as the proof and admissions show good faith, the conclusion that the assignment was void and did tend to evade the provisions of the act, does not appear to be warranted. The object and purpose of the act in question, was to provide a system by which the property of an insolvent could be appropriated and applied to the payment of his debts in equal and just proportions. The theory upon which the bankrupt act is based, is that no preferences shall be allowed ; that every creditor shall be entitled to his *pro rata* share of the bankrupt's estate, and thus fraud prevented in the distribution of his assets. When, therefore, an assignment is made for the benefit of all the creditors equally in good faith, without fraud or any intent found to contravene any provisions of the law, or to hinder, delay or defraud creditors, it is not apparent how such assignment can be considered as a violation of the spirit and intention of the act itself.

In *Tiffany* v. *Lucas* (15 Wall., 410, 422) it was held that two things must concur to bring an assignment within the prohibi-

tion of the bankrupt act, viz.: the fraudulent design of the bankrupt and the knowledge of it on the part of the assignee. Neither of these features characterize the case at bar. The admission and proof establish that there was no such design or knowledge. In fact, that all the parties acted in entire good faith and with no intent to violate the provisions of the act. The principle is settled in this court that when the debtor has not been proceeded against, or taken any proceedings in the bankrupt court, an assignment for the benefit of creditors by such debtor, which gives no preference to any creditor, is not an instrument void *per se* as in hostility to the bankrupt act. (*Thrasher* v. *Bentley*, 59 N. Y., 649; see, also, *Cook* v. *Rogers*, 31 Mich., 391; *Beck* v. *Parker*, 65 Penn., 262; *Hawkin's Appeal*, 34 Conn., 548.) The fact that proceedings were instituted within the six months provided for by the section cited, does not change the application of the rule referred to unless there is a fraudulent design and knowledge. In *Sedgwick* v. *Place* (1 N. B. Reg., 204, 673), it was held in the United States Circuit Court of New York, by Mr. Justice NELSON, that a general assignment untainted with fraud as against creditors or the bankrupt act is valid, and the property will not be turned over to the assignee in bankruptcy. An application in this case was made for the benefit of the bankrupt act, within six months after the assignment had been made. In *Langley* v. *Perry* (2 N. B. Reg., 597), in the United States Circuit Court of Ohio, where the petition was filed against the debtor within the six months, SWAYNE, J., held, that such an assignment was not necessarily a conveyance with an intent to hinder, delay or defraud creditors, and where the intention was to secure an equal distribution of all the debtor's property among all his creditors, it was not a conveyance with an intent to defraud, or delay the operation of the bankrupt act. It was said that the innocence or guilt of the act depends upon the mind of him who did it, and it was not a fraud within the meaning of the bankrupt act unless it was meant to be so.

In *Mayer* v. *Hillman* (U. S. Sup. Ct., reported in 13 Alb.

Law Jour., 200) the general doctrine was upheld, that a general assignment for the benefit of creditors was not fraudulent or absolutely void. Field, J., who delivered the opinion of the court, said there was much force in the position of counsel, that such assignment is only a voluntary execution of what the bankrupt court can compel, and as it is not a proceed ing in itself fraudulent as to creditors and does not give a preference to one creditor over another, that it conflicts with no positive inhibition of the statute, and that it had the support of the decisions last above cited. He further stated that it was unnecessary to express any decided opinion upon the question, because its decision was not required for the disposition of the case. Although the point now presented was not distinctly decided in the case last cited, yet that case, in connection with the other cases referred to, tends strongly to sustain the doctrine that a general assignment violates no provision of the bankrupt act. (See, also, *Smith* v. *Justiania Ins. Co.*, 4 C. L. N., 130; 12 N. B. R., 185; *In re Kintzing*, 3 N. B. R., 217.) There are authorities adverse to the cases cited; most of them are the decisions of the United States District Courts, which are not as authoritative as the cases already cited, and the distinct point now raised was not made, nor does it appear distinctly in any of them, as is the case at bar, that any of the assignments were made in good faith, and with no design to evade the provisions of the bankrupt act. (*Horter* v. *Machley*, 2 N. B. R., 406; *In re Smith*, 3 id., 377; *In re Goldschmidt*, 3 id., 164; *In re Spicer* v. *Ward*, 3 N. B., 519; *In re Randell* v. *Sutherland*, 3 B. R., 18; *Pierce* v. *Northup*, id., 250; *In re Wells*, 1 id., 171; *In re Burt*, 1 Dillon, 439; *Hardy* v. *Brannigan*, 4 N. B. R., 262.) In the last case, Woodruff, J., makes some remarks in regard to the design of the bankrupt act in reference to the property of insolvents, and the effect of some of its provisions, which would not apply where property was in the hands of a receiver appointed by a State court; but the point now raised was not presented, and the case is not analogous. Although some of these cases appear to sanction the doctrine,

that the bankrupt act absorbs and swallows up all other proceedings in the State courts; there are the strongest reasons for holding that the act was not intended to interfere with the debtor, where, with an honest purpose and entire good faith, he sought to apply his property for the benefit of his creditors, precisely in the same manner as was intended, and as would have been done by proceedings under the bankrupt act, and probably at less expense and far more to the advantage of the creditors. The act was aimed at fraud and to prevent preferences; and where neither of these are apparent, there is no ground for claiming that an equitable distribution of the insolvent's estate is in violation of the law. The later cases, to which reference has been had, uphold these views very decidedly, and, I think, should be followed.

The court below erred in holding that the assignment was void and tended to evade the provisions of the bankrupt act, and for this error, without considering the other questions raised, the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.