Yaw Hoesew, J.
These applications forcibly illustrate the inconvenience of permitting two conflicting systems of procedure to exist in one State at one and the same time. [The learned judge, after stating the facts, proceeded as follows:]
It cannot now be denied that the assignments were valid. The Waitzfelders, their assignee, and their creditors, may have chosen to regard them as null and void, but it is my duty to hold that, not having been impeached by any creditor for fraud nor set aside at the suit of the assignee, they were and are good and sufficient deeds which transferred to Backer all the property which they purported to convey. Backer became, by force of the assignments, a trustee for the benefit of Waitzf elder’s creditors, and he must execute that trust before he has any right to a discharge. I am bound to look into the papers presented before I order the discharge of Backer’s sureties, and I find that Abraham Hoffnung insists that he has a claim against the Waitzfelders. It is conceded that Hoffnung, if he be a creditor at all, is not bound by the composition, as his claim was not in the statement which the Waitzfelders produced at the meeting at which the composition resolution was passed. Until Hoffnung’s claim has been disposed of, it would be improper to permit the assignees’ bond to be can-celled.
In addition to that, it does not appear that the composition agreement has been fully performed. Indeed, the time for the payment of the notes at twelve and at eighteen months has not arrived. Until those notes shall have been paid, neither the Waitzfelders nor Backer can say that the claims of creditors are ex- *384 languished or discharged. At the most, those claims are suspended. If the notes be not paid the creditors may cast them aside, and sue upon the original indebtedness. Such is the law in England, and such must be the law in this country also (Edwards v. Hancher, 2 Weekly Digest, 233).
As the assignments stand in full force and effect the creditors must look to the assignee and the assigned estate for the payment of their claims, if the composition agreement be not carried out. It may be said that the composition resolutions provided for the restoration to the Waitzfelders of the assigned estate. To that suggestion there is a complete answer in the fact that neither the court of bankruptcy, nor the creditors, nor the Waitzfelders, were in a position to control or dispose of that estate.
The bond cannot be canceled, nor can the assignee release the assigned estate to the Waitzfelders. The trust must be performed. It will be observed that I have not put my denial of the assignee’s petition, on the ground that Henry Nathan & Co. are creditors of the Waitzfelders, with a claim to-day valid and undischarged. My opinion is that the claim of Henry Nathan & Co. is—like all other claims embraced in the statement produced by the Waitzfelders at the composition meeting—suspended.
The view I have taken renders it unnecessary for me to consider what the rights of Henry Nathan & Co. may be under subdivision 6 of section 20 of the general assignment act of 1877. I purposely refrain from passing upon the question. It will doubtless arise hereafter when the assignee renews his application under that section.
With respect to the petition of Henry Nathan & Co. for a citation to the assignee to account, it will not be necessary for me to say much. It is true that the creditors for whose benefit an assignment is made are *385 in a certain sense secured. They have a right to enforce the trust created for their benefit, and they have an equitable lien on the assigned estate (Story’s Equity Juris. § 1244 [10th Ed.]). But where all the creditors without exception are secured to the same extent and in the same manner, so that no one of them has a preference over the others, I think that those provisions of the bankruptcy act discriminating between secured creditors and creditors unsecured have no sort of application. The object of those provisions is to secure equality, and so to marshal the effects of the debtor that a creditor, having the security of a, special fund, shall look to that fund first, and exhaust it before he shall be permitted to join in the scramble for the general assets. All creditors of the Waitzf elders standing on a level, I think the composition was binding upon Nathan & Co. as well as on all others included in the statement produced by the Waitzf elders at the composition meeting, notwithstanding the fact that an assignment had been executed for their security. Henry Nathan & Co. have not, therefore, at the present time, the right to call upon the assignee for an accounting.
As I have denied the application of the assignee for the cancellation of his bond, and for the privilege of releasing the assigned estate to the survivors among the assignors, it is unnecessary to pass upon the duty of the assignee respecting the assets of Michael Waitzf elder, deceased.