[See Case No. 17,048.]

# Case No. 17,048.

### In re WAITZFELDER et al.

### [18 N. B. R. 260.] [1]

District Court, S. D. New York.    Sept. 3, 1878.

JURISDICTION IN BANKRUPTCY—COMPOSITION PROCEEDINGS—QUESTIONS OF TITLE.

The bankrupt court has no jurisdiction, under its summary power to enforce compositions, to take cognizance of and determine questions of title between the debtor and persons not parties to the proceedings; so, where composition proceedings were instituted without an adjudication and the resolution by its terms provided that upon payment of the composition all the debtor's property which he had before the commencement of the proceedings assigned for the benefit of his creditors should be restored to him, no suit having been brought to set aside such assignment, *held*, that the court had no jurisdiction to compel the voluntary assignee to deliver the property to the debtor.

[In the matter of Ezekiel Waitzfelder, Michael Waitzfelder, and Leopold Waitzfelder, bankrupts. See Case No. 17,047.]

M. H. Regensburger, for debtor.
W. T. Putney, contra.

CHOATE, District Judge. This is an application to the court under the 17th section of the act of June 20, 1874 [18 Stat. 178], for the enforcement of the terms of a composition. The statute provides: "The provisions of any composition may be enforced by the court, on motion made in a summary manner by any person interested and on reasonable notice, and any disobedience of the order of the court made on such motion shall be deemed a contempt of court." In this case the terms of the composition provided that upon payment of the composition notes the property, heretofore belonging to the alleged bankrupt, which was in the possession of an assignee holding under a voluntary assignment for the benefit of creditors executed before the filing of the petition in bankruptcy, should be restored to the debtor. Upon affidavit that all the creditors have received payment of the composition and that there are no other creditors entitled to any benefit under the voluntary assignment. and that the debtor has demanded the property. and that it has been refused. notice has been served on the voluntary assignee. citing him to appear and show cause why he should not

be ordered to deliver the property to the debtor. The voluntary assignee has appeared by attorney, and makes no question of the fact alleged in the petition as to the full payment of all the creditors entitled to the composition, states that he knows of no other creditor entitled under the voluntary assignment, but suggests that the court has no jurisdiction to make the order. No adjudication has been made, and no suit has been brought to set aside the voluntary assignment.

There is no decision directly in point that the court has power, under this grant of jurisdiction to enforce the terms of the composition in a summary way, to adjudicate upon the rights or obligations of parties other than the debtor or the creditors, or by its summary order direct affirmative action on the part of such third party in furtherance of the objects of the composition. It is clear that the debtor and the creditors, as parties before the court in the proceedings, and as the two parties to the agreement to be enforced, are, both for the purpose of directing their positive action and for the purpose of restraining their actions in violation of the agreement, within the jurisdiction and directing and restraining power of the court. But as to third parties the objection is that they are not parties to the proceeding, nor parties to the agreement. How, then, can they be directed by the court in a summary manner to make a certain disposition of property in their possession, in which their claim or title or interest is adverse in any respect to that of the debtor or of the creditors? Notwithstanding the use of terms in the statute which seemed to imply the power of the bankrupt court to determine in a summary manner claims of third parties adverse to the claims of the assignee in bankruptcy, a strict construction in this respect has been put upon the act by the supreme court in favor of and for the protection of the rights of third parties as against the summary jurisdiction of the bankrupt court, and the powers at first assumed and exercised in this respect have been very much narrowed and restricted, and controversies between the assignee and hostile claimants remitted to other jurisdictions provided for in the act, where their adverse rights might be determined with all the proper safeguards which are ordinarily deemed essential for the proper trial of such questions. Although the act makes no special provision for the determination otherwise of questions of right and title that may arise between third parties and the debtor or the creditors as the same are affected by composition proceedings, I think the same principle of construction applies to such a case, and that there is not enough in the provision cited above to show that such controversies were intended to be remanded into this court to be summarily disposed of under the power of enforcing a composition.

Thus a state assignee not being a party to the proceeding. holds under a conveyance which creates a trust, imposing on him rights

and obligations which indeed the debtor and the creditors may by the force and effect of their agreement of composition modify, but which they cannot by their agreement or by their separate or joint action otherwise affect. A state assignee may or may not cease by force of the composition to have any duty or trust to perform as to the creditors who were originally the beneficiaries under the trust. Thus if a creditor is omitted from the debtor's statement he would not cease to have an interest under the trust of the assignment, even though by the composition all the other creditors may have in effect assigned all their right to the debtor on payment of the composition. There would be no power in the bankrupt court in such a case, whatever were the terms of the composition, to deprive this outside creditor of his equitable interest in the property held by the assignee in trust for his benefit, which trust has, in the case supposed, not been annulled nor affected by the proceedings in bankruptcy. The bankrupt court has no summary jurisdiction to annul and set aside a voluntary assignment. Such action must be effected, if at all, by a suit in equity brought for that purpose. Where then is the grant of summary. jurisdiction to determine as between the voluntary assignee and the debtor, or the creditors, whether the trust of the assignee is or is not fully performed towards all the creditors? Such a question is not properly a question of enforcing the terms of an agreement between the debtor and creditor.

These observations will serve to illustrate the difficulties that surround the attempt to coerce third parties in their actions under color of enforcing a composition. This term of the composition, that the property shall be restored to the debtor by the state assignee, may be a reasonable term of the agreement as between the debtor and creditors, and may be enforced so far as they are concerned, and so far as it is competent for them to make any agreement on the subject, on the basis of dealing with interests and rights of property which they are able to deal with by agreement, it seems to be equivalent to an assignment or transfer by the creditors of all their equitable interests under the trusts of the assignment. If now, in violation of that agreement, any creditor should undertake to enforce for his own benefit the trust of the assignment by proceeding to call the assignee to an account in a state court, it would be competent for this court to restrain him by summary order under its power to enforce the composition. But, as between the debtor and such assignee, if the rights which have accrued to the debtors are obstructed or denied by such assignee, there are courts to which he can resort to enforce his rights in a due and orderly way, and if any right acquired under authority of the laws of congress, he has his remedy in the ultimate resort to the supreme court of the United States.

It is not intended herein to question the power of this court in proper cases to restrain by injunction third parties from interfering with the property of the debtor, or from other acts that may be restrained under the bankrupt law, but what is held is that this court has no jurisdiction, under its summary power to enforce compositions, to take cognizance of and determine questions of title between the debtor and parties not parties to the proceeding. The reference in this provision of the statute to the power to punish, as for a contempt, disobedience of its orders made under this provision tends to the same conclusion. It is referred to as applying to all such cases, and it cannot properly apply to any parties except the debtor and the creditors, who alone are the parties. before the court. In this case the state assignee appeared voluntarily on notice, and seems to be not unwilling that the order should be made, but as the court is without jurisdiction, the motion must be denied. It is hardly necessary to add that the intimations in the cases cited apparently sustaining the power of the court are mere dicta, and this question was not before the court, or under consideration of the learned judges. In re Hinsdale [Case No. 6,526]; Poole v. McDonald [Id. 11,268]. Motion denied.