FRANKLIN V. HEWITT et al., Appellants, *v.* GEORGE
NORTHRUP et al., Respondents.

The appropriation, by a member of an insolvent firm, of his individual
property to the payment in full or *pro rata* of his individual debts, if
honestly and fairly made, would be upheld under the bankrupt law, as
it is such a disposition as the law authorizes and directs.

Defendant C , who was a member of the firm of C. & S., executed to
defendant N. a mortgage upon his individual real estate to secure an
individual debt. The firm was at the time insolvent, and was contem-
plating bankruptcy, which facts were known to C. and N., and the mort-
gage was executed with the view of giving N a preference over firm
creditors and to prevent his property from coming into the hands of an
assignee in bankruptcy, save as subject to the mortgage. Within two
months after the execution of the mortgage a petition in bankruptcy was
filed and the firm was adjudged bankrupt. C's. individual property
was more than sufficient to pay his individual debts. *Held,* that an
action by the assignee in bankruptcy of said firm to set aside the mort-
gage as fraudulent and void under the bankrupt act was not maintain-
able , that it was not sufficient under the bankrupt act (U. S. R. S ,
§§ 5021, 5028) that the parties intended that N. should obtain a prefer-
ence over the firm creditors, they also must have intended a fraud on
the act, and this the facts did not show

Plaintiffs claimed that the Supreme Court was not the one to determine
the amount and validity of debts, or to marshal the assets of the bank-
rupt, and that the proper parties were not before the court for that
purpose. *Held,* untenable ; that plaintiffs having gone into the said
court and invoked its jurisdiction, could not complain that the court
determined all the questions needful for a proper disposition of the case.

(Argued December 13, 1878 ; decided December 20, 1878.)

APPEAL from order of the General Term of the Supreme
Court, in the third judicial department, reversing a judgment
in favor of plaintiffs, entered upon a decision of the court on
trial at Special Term. (Reported below, 9 Hun, 543.)

This action was brought by plaintiffs as assignees in bank-
ruptcy of the firm of Campbell & Shaw to set aside and
have canceled and declared void, a mortgage executed by
defendant Campbell to defendant Northrup.

The facts appear sufficiently in the opinion.

*A. Pond,* for appellants. The evidence was sufficient to

warrant the judge in finding the fact stated in his decision. (U. S. R. S., §§ 5021, 5128; Bankrupt Act, §§ 35, 39.) The mortgage executed by Campbell was void. (Bankrupt Act, §§ 1, 35, 39; U. S. R. S., §§ 4972, 5021, 5128; *In re Smith*, 3 B. R., 377; *In re Bininger*, 7 Blatch., 275; *Buckman* v. *Goss*, 13 B. R., 337, 340; Bump. [8th ed.], 406; *In re Graham* v. *Stark*, 3 B. R., 357; *McDonald* v. *Moore*, 1 Abb. [N. C.], 53.) The right of an individual creditor to be paid out of the individual property of the member of a firm before firm creditors always yields to a prior legal right or lien without reference to the manner in which the latter may have been created or acquired. (*Meech* v. *Allen*, 17 N. Y., 300; *Lewis Trustees, etc.* v. *U. S.*, 2 Otto [U. S.], 618, 623; *In re Sandusky*, 17 B. R., 452; *White* v. *Carpenter*, 2 Paige, 219; 17 N. Y., 303.) The mortgage is not made valid because the bankrupt had previously promised orally to give one when requested to do so. (Bump [8th ed.], 803; *In re Graham* v. *Stark*, 3 B. R., 357, 370.) The fact that Campbell had but few individual debts besides the one due to Northrup and not to exceed $150, and had sufficient individual property to pay all his individual debts was not material or admissible. (Bankrupt Act, § 36; *In re Leland*, 5 B. R., 222, 224; *Atkinson* v. *Kellog*, 10 id., 535; *Barnwall* v. *Jones*, 14 id., 278, 283; *In re Bininger*, 7 Blatch., 274; *McDonald* v. *Moore*, 1 Abb. [N. C.], 53; *Globe Ins. Co.* v. *Cleveland Ins. Co.*, 14 B. R., 311, 317; *In re Croft*, 6 Week. Dig., 218; *Kidder* v. *Horrobin*, 18 B. R., 146; *Thompson* v. *Sweet*, 7 Week. Dig., 75; *Avery* v. *Hackley*, 20 Wall., 407; *Yeatman* v. *Sav. Instu.*, 5 Otto [U. S.], 764; *Bailey* v. *Berger*, 67 N. Y., 346; *Molson's Bk.* v. *Howard*, 40 Sup. Ct. R., 15; *Damrus* v. *Dorrity*, 14 Abb. Pr., 206–209; *Cummings* v. *Morris*, 25 N. Y., 625–631; *Comstock* v. *Bachman*, 57 Bar., 127–148.) Plaintiffs as assignees of Campbell & Shaw represent both their individual and firm unsecured creditors. (Bankrupt Act, § 36; U. S. Rev. Stat., § 5121; *In re Leland*, 5 B. R., 222, 224; *Atkinson* v. *Kellogg*, 10 id., 535; *Barnwall* v. *Jones*, 14 id., 278.)

*Joseph Hill*, for respondents. The individual creditors of Campbell had an equitable claim upon his individual property for the payment of their claims in preference to the co-partnership creditors. (*Welden* v. *Keeler*, 3 Paige, 167; 6 id., 20; 48 Barb., 344; *In re Foote*, 12 Bank. Rep., 337; *In re Howe*, 1 Paige, 124; Will. Eq. Juris., 442; 2 Story Rep., 564; *Barnes* v. *Carnack*, 1 Barb., 396; *Starr* v. *Ellis*, 6 Johns. Ch., 395; 22 Wall., 178.) Executing the mortgage was but preserving a lien the law already gave, and gave no preference over the creditors entitled to this property. (*Sawyer et al.* v. *Supr.*, 1 Abb., 120; *Burnhisel* v. *Firman*, 22 Wall., 178; *Cook* v. *Sullis*, 18 id., 340; *Miller* v. *Keys*, 3 Bank. R., 224; 5 Bank, 492; 9 id., 132.) The bankrupt act did not prohibit all acts of the bankrupt in regard to the application of his property in payment of his debts. (*Haas* v. *O'Brien*, 66 N. Y., 603.)

EARL, J. As the General Term did not reverse the judgment of the Special Term upon the facts, we must take them as found by the trial judge and they are as follows: On the 10th day of August, 1874, the defendant Campbell being indebted to his co-defendant, Northrup, in the sum of $2,000, executed and delivered to him a mortgage upon his individual real estate to secure such indebtedness. At that time Campbell was a member of the firm of Campbell & Shaw, which had become insolvent, and was then contemplating bankruptcy, which facts were known to Northrup: and Campbell executed the mortgage in contemplation of insolvency, and with a view to give Northrup a preference over the firm creditors, and with the view of preventing his property from coming into the hands of the assignees in bankruptcy. At that time, and also at the time of filing the petition in bankruptcy, Campbell owned and possessed individual property more than sufficient to pay all his individual debts. In less than two months thereafter a petition in bankruptcy was filed against the firm, an adjudication in bankruptcy was made, and such proceedings had that the

plaintiffs were appointed assignees, and they brought this action to set aside the mortgage as fraudulent and void under the bankrupt law.

It also appeared in the evidence that between the date of the mortgage and the time of filing the petition judgments to a large amount were obtained against the firm of Campbell & Shaw, and the result will be, that if the plaintiffs succeed in this action, Campbell's individual property will be taken, not for administration in bankruptcy for the payment of his individual. debts, but for the payment of the firm debts, a result abhorrent to equity. .

The equitable rule, for the administration of the property of persons who are members of an insolvent firm, and who own firm property and individual property, and owe firm as well as individual debts, is, that the firm creditors are entitled to be first paid out of the firm property, and individual creditors to be first paid out of the individual property. (*Wilder* v. *Keeler*, 3 Paige, 167; *Payne* v. *Matthews*, 6 id., 19; *Meech* v. *Allen*, 17 N. Y., 300.) And this equitable rule has been incorporated into the bankrupt law. It is there provided (U. S. R. S., section 5121) that the individual property, as well as the firm property shall pass to the assignee, and that the firm creditors and individual creditors may prove their debts : that the assignee shall keep separate accounts of the firm property and of the individual property, and that the firm property shall be appropriated to pay firm debts and the individual property to pay individual debts.

It is no fraud upon the bankrupt law for an insolvent to dispose of his property just as that law authorizes. (*Haas* v. *O'Brien*, 66 N. Y., 597.) Suppose this mortgage had not been given, and the subsequent judgments had not been recovered, and all the property, firm and individual had been brought into the bankrupt court unincumbered, for distribution, this debt of Northrup would have been paid out of the individual property of his debtor, just as it will be now. A member of an insolvent firm owning individual

property may appropriate all such property to the payment in full, or *pro rata*, of his individual debts, and such dis- position of his property, if honestly and fairly made, would be upheld in bankruptcy because it is just such a disposition as the law authorizes and directs. No one can complain of it because it wrongs no one. The fact of the intervening judgments can make no difference with this case. Aside from the bankrupt law, the mortgage is perfectly valid against them. And as to them a bankrupt court, proceeding upon equitable principles, would not set aside this mortgage because the judgment-creditors have there no right to com- plain of it. But it may be said that the assignees represent not only firm, but also individual creditors. True; but Campbell's individual debts, aside from this secured by the mortgage, did not exceed $150, and he had more than suffi- cient individual property to pay them, and no bankrupt court would set aside this mortgage in the supposed interest of individual creditors and then let the firm creditors with their judgments take it all to pay firm debts.

The learned counsel for appellants, claims that this case must be treated the same as if Campbell alone had been put into bankruptcy. Grant it. And then what have we? Campbell in bankruptcy with an abundance of individual property to pay all his individual debts: and then this mortgage would not have been interfered with, certainly if the effect of such interference would be to give all the property to firm creditors. But the claim is further made that the Supreme Court is not the court to determine the amount and validity of debts, nor to marshal the assets of a bankrupt, and that the proper parties are not here for that purpose. But the plaintiffs went into that court, and invoked its jurisdiction, and brought in just such parties as they deemed proper, and they cannot now complain that the court determined all the questions needful for a proper dis- position of the case.

It is not the purpose of the bankrupt law to put the prop- erty of bankrupts into the hands of their assignees for the

benefit of such assignees, or simply to permit them to distribute it.  If the bankrupt has made such a disposition of his property as the law sanctions, it will not be disturbed.

It is not enough under the bankrupt law (U. S. R. S., §§ 5021, 5128) that the parties in this case intended that Northrup should obtain a preference over the firm creditors, and that Campbell's individual property should not, except as incumbered, go into the hands of the assignees. They must also have intended a fraud on the bankrupt act, and the facts here show that they did not, for reasons above stated, intend or perpetrate such a fraud.

The order of the General Term must therefore be affirmed, and judgment absolute given against the plaintiffs, with costs.

All concur.

Order affirmed, and judgment accordingly.