IN THE MATTER OF THE GENERAL ASSIGNMENT OF JOHN E. STOWELL AND OTHERS.

*Bankruptcy proceedings — discharge by composition in — when it does not affect a general assignment previously made — right of a creditor to compel the assignee to account.*

A discharge in bankruptcy under composition proceedings, does not affect property of the bankrupt in the hands of an assignee, to whom he had, more than a year before the commencement of the bankruptcy proceedings, made a general assignment without preferences. A creditor of the bankrupt, who, though duly notified of, did not appear in the proceedings or accept the dividend, may compel such assignee to appear and render an account even though he was directed by the order in bankruptcy to hand over to the assignor all the assets remaining in his hands.

APPEAL from an order made by the County Court of Chemung county, refusing to compel an assignee, for the benefit of creditors, to render an account of his proceedings, and refusing to compel him to give additional security as such assignee.

*Youmans & Moss*, for petitioning creditors, appellants.

*G. L. Smith*, for Samuel W. Perry, assignee, respondent.

LEARNED, P. J.:

John E. Stowell and others, partners under the firm name of Stowell Brothers, made a general assignment for the benefit of creditors, without preferences, to Samuel W. Perry, June 7, 1876, and Perry duly qualified and entered on the discharge of his duties. Afterwards Stowell Brothers, on their own petition, were adjudicated bankrupts by the United States District Court, February 7, 1878. Subsequently composition proceedings were taken in the District Court, the result of which was that a final order of composition was made April 26, 1879, for the payment in cash to the creditors, of twenty cents on the dollar within thirty days. That order provided that upon the payment by the Stowells of this composition of twenty per cent, Perry, the assignee aforesaid, should hand over to the assignors all the assets remaining in his hands. Stowell Brothers, within the thirty days, paid all their creditors the twenty per cent, except Fraser, Bell & Loughran, to whom they tendered the amount and who refused to accept it. Fraser, Bell & Loughran did not appear in the composition proceedings, but their names, address and the amount of their claim appeared in the statement of the creditors, of the bankrupt; and they had due notice thereof and of the bankruptcy proceedings. Since such tender, Perry, assignee, has handed over all the assets remaining in his hands to Stowell Brothers, the assignors.

On the 18th of February, 1878, Fraser, Bell & Loughran commenced these present proceedings in the County Court for an accounting by the assignee and the payment of their claim. A partial account was filed by the assignee, which was, on the 15th of May, 1878, adjudged to be defective, and on that day the County Court ordered Perry, the assignee, to file a further account and to submit to an examination before a referee. That examination was had August 26, 1878, in the course of which the assignee promised to file a further account. No account having been filed, a further order was made by the County Court April 10, 1879, requiring the assignee to show cause why he should not file such account, and

why he should not be punished for contempt, and why he should not file additional security. This order was returnable the 22d of April, 1879, and the matter appears to have been continued till August 1, 1879, when the County Court decided that the assignee was excused from rendering any further or additional account. The only question decided by the court was that the proceedings in bankruptcy and the turning over of the property thereunder, as above stated, excused the assignee from rendering any further account. The learned judge placed this decision principally on the ground that by the composition proceedings the debt owing to Fraser, Bell & Loughran was discharged, and that they did not, by the assignment to Perry, become " secured creditors."

We deem it no defense to Perry, the assignee, that by the order of the court in bankruptcy he was directed, after the payment of the twenty per cent had been made to the creditors, to pay over the assets in his hands to the Stowell Brothers. Nothing appears in the papers before us showing that the bankruptcy court had any jurisdiction over Perry personally. The assets in his hands did not belong to the Stowell Brothers but belonged to Perry in trust for creditors. As they were not the property of the Stowell Brothers we do not see that the bankruptcy court had jurisdiction over those assets. If any assignee in bankruptcy had been appointed and had claimed these assets he would have had to recover them, if at all, by a suit against Perry. (*In re Waitzfelder and others*, 18 N. B. R., 260.) The assignment to Perry was valid. (*Hass* v. *O'Brien*, 66 N. Y., 597; *Reed* v. *McIntyre*, 98 U. S. R., 507; *Mayer* v. *Hellman*, 91 id., 496.) Every creditor of the Stowell Brothers acquired, therefore, a right to have the assigned property applied by the assignee *pro rata* to the debts. This right was absolute. The Stowells could not deprive any creditor of that right, nor could one creditor deprive another. So, too, the assignee in bankruptcy takes the estate subject to all lawful rights and equities. (*Yeatman* v. *Savinys Inst.*, 95 U. S. R., 764.) And therefore if there had been an assignee in bankruptcy appointed for the Stowells, that appointment would not have taken away the property in Perry's hands or relieved him from his liability. It is plain that composition proceedings could have no greater effect than an appointment of an assignee and a subsequent discharge in bankruptcy would

have had. Composition proceedings are really but a substitute for the distribution of the estate by an assignee in bankruptcy. There is no reason why such proceedings should affect any property which could not be reached by such assignee.

In the *Matter of Backer* (2 Abb. N. C., 379) it was held by the Special Term of the Common Pleas that, where all creditors are secured to the same extent and in the same manner, the provisions of the bankrupt act discriminating between secured and unsecured creditors have no application. The reason given is that the object of these provisions is to secure equality, and to require the secured creditor to look to his special fund first. But the object is more than this. These provisions will not produce equality. Because the secured creditor may be able to collect his whole debt from his security; while the unsecured may get only a small per centage on the composition. The meaning of the provisions is also that vested rights, which are not void as against the bankrupt law, shall be preserved. An assignment in trust may be as complete a security as a mortgage would be. A security is no less a security because it is for the benefit of several creditors and not of one only. And an equitable right, such as the creditor has under an assignment (Story's Eq., § 1244), is protected from the effect of bankruptcy proceedings. (*Yeatman* v. *Savings Inst., ut supra.*) We think that the rights of Fraser, Bell & Loughran were not taken away by the composition proceedings.

But again it is said that their debt has been discharged, and therefore they have no further claim. This, however, is only stating the same idea in another form. If one who has a lien or security on his debtor's property, valid against bankrupt proceedings, is not to be deprived thereof by those proceedings, then he is not to be deprived thereof by the discharge of his debtor, whether obtained by the regular course of bankruptcy or by means of a composition. The creditor who has a mortgage, valid against the bankrupt law, does not lose his mortgage lien by the debtor's discharge. So in the present case.

The views above expressed are in accordance with those of the opinion in the *Matter of Allen* (31 Sup. Ct. N. Y., 408); see, also, *Falkland* v. *St. Nicholas National Bank* (84 N. Y., 145).

The order of the County Court is reversed, with costs to

appellants against Perry personally, and the assignee Perry is ordered to account as prayed for in the petition, and the matter is remitted to the County Court to take such further proceedings as may seem best.

Present — LEARNED, P. J., RUMSEY and OSBORN, JJ.

Order of County Court reversed, with costs to appellants, against Perry personally, and assignee ordered to account as prayed for. Matter remitted to County Court for further proceedings.