JAMES BIGLER, RESPONDENT, v. THE NATIONAL BANK OF NEWBURGH, APPELLANT.

*General assignment — the rights of the assignee are not affected by the subsequent bankruptcy of the debtor — when machinery in a mill becomes a fixture.*

Where a debtor has without any intent to defraud his creditors made a general assignment of all his property for their benefit, the rights of the assignee to the property so received are not affected by the subsequent bankruptcy of the debtor, and his discharge under a composition with his creditors made as provided in the bankrupt act.

Where the owner of a steam planing and saw mill places machinery in the buildings, to be used therein, and the same is either annexed to the realty or to something appurtenant thereto, the machinery becomes a fixture. Such machinery passes to a purchaser at a sale had upon the foreclosure of a mortgage upon the property, where such mortgage by its terms covers "all buildings and improvements thereon situate and being."

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*E. A. Brewster,* for the appellant.

*F. A. Ward* and *Theodore F. Miller,* for the respondent.

DYKMAN, J.:

The plaintiff was the owner of a steam sawing and planing mill, and the land on which it was erected, and all the machinery used within it. On the 23d day of January, 1871, he executed and delivered to the Mutual Life Insurance Company of New York, a mortgage on the property to secure the payment of $100,000. To the description of the property in this mortgage were added these words: "Also all buildings and improvements thereon situate and being." After this, and while yet the plaintiff was the owner in 1871, the mill and the machinery were entirely destroyed by fire, and immediately the mill was rebuilt and the machinery replaced by the plaintiff. The mortgage of the insurance company was foreclosed, and at the sale under the judgment the defendant became the purchaser of the property in March, 1879, and received a deed and went into possession thereunder.

On the 30th day of November, 1874, the plaintiff executed and delivered to David Moore & Co., a mortgage on this same property with other land, to secure the payment of $100,000, which was assigned to the defendant April 4, 1878, and is now held and owned by the defendant and the Highland National Bank.

On the 23d day of March, 1878, the plaintiff being the owner of the property, including the machinery in question here, executed and delivered to William O. Mailler, a general assignment of his property, real and personal, in trust for the payment of his debts, and the assignee in writing accepted the trust.

The assignment was recorded, but the assignee failed to give any bond as required by the statute. On the 30th day of March, 1878, the plaintiff was adjudicated a bankrupt, and the United States marshal thereupon took possession of all the property, including this machinery. After that, and in June, 1878, the plaintiff made a composition with his creditors under the bankruptcy act, but the

defendant never surrendered its securities, and never proved its debt in the bankruptcy proceeding, and never accepted the composition.

Now the plaintiff claims that he is yet the owner of the machinery mentioned, and this action is brought for its recovery. The action is prosecuted on the theory that the title to all the property in question passed to and became vested in William O. Mailler, the general assignee, in trust for the creditors of the plaintiff under the general assignment, but that after the same was taken by the United States marshal in bankruptcy, and the recording of the bankrupt's composition with creditors, the title thereto became reinvested in the plaintiff. The last proposition is found as a conclusion of law by the trial court, and to it there is an exception.

We will examine it here.

There is no claim that the general assignment for the benefit of creditors was fraudulent or void, or that it was made or intended to hinder, delay or defraud creditors, or to evade any of the provisions of the bankruptcy act, and a general assignment like this, without fraudulent intent, is not violative of the bankruptcy law, unless the assignor contemplated insolvency when he committed the act, and the assignee knew or had reasonable grounds to believe that such was the case. Both must concur. Two things must concur to bring an assignment within the prohibition of the bankrupt act, viz.: the fraudulent design of the bankrupt, and the knowledge of it on the part of the assignee. (*Tiffany* v. *Lucas*, 15 Wall, 410.) An equal distribution of the estate is all the bankrupt law requires, and on that theory rests its very foundation. If an assignment be executed without intent to perpetrate fraud or contravene the bankrupt law, it is not prohibited thereby. (*Haas* v. *O'Brien*, 66 N. Y., 597.) This assignment was therefore valid, and did not fall under the condemnation of the bankrupt law. Any presumption that might arise under the bankrupt law, that this assignment was *prima facie* fraudulent, is rebutted by the fact that it was made in good faith and without intent to defeat that law. It follows therefore that no assignee in bankruptcy could have recovered this property or the value of it from William O. Mailler, the general assignee. At all events the assignment was sufficient to carry the title of the property out of the plaintiff, and as there were no proceedings for its recovery, sale or distribution under the bankrupt law, the title

continued in Mailler, notwithstanding his failure to execute a bond. (*Brennan* v. *Willson*, 71 N. Y., 505; *Thrasher* v. *Bentley*, 59 id., 649.)

It may be that the plaintiff has become exempt from personal liability by the proceedings in bankruptcy, but the trust created by the assignment to Mailler is yet outstanding and the court may appoint another trustee on his refusal to act. (Laws 1877, chap. 466, § 6.) The result is that the plaintiff has no interest in the property and cannot maintain this action.

Besides this our view is that the engine and its connections, and all the other machines and property in question, were fixtures to the freehold and passed to the defendant by the purchase at the foreclosure sale. The machines were either actually annexed to the reality or to something appurtenant thereto, or were adapted to the use for which the building was constructed and to which it was appropriated; and as the plaintiff placed all this machinery in the places now occupied by it when he owned the building, and had no view except to continue its use therein, it must be assumed that his intention in making the annexation was to make a permanent accession to the freehold for the purpose of continuing the work usually done in a steam sawing and planing mill. The question here is the same as between vendor and vendee, and the purpose and intent of the annexation are most important considerations. (*McRea* v. *Cent. Nat. Bank*, 66 N. Y., 489.)

The judgment is erroneous and should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.