CHARLES H. GEORGE AND AMOS C. BARSTOW, APPEL-
LANTS, *v.* RICHARD S. GRANT AND OTHERS, RESPONDENTS.

*Limited partnership — preference given by an insolvent special partner to his cred-
itors — when it is not void under subdivisions* 20 *and* 21 *of title* 1, *chapter* 4,
*part* 2, *of the Revised Statutes.*

A special partner, being himself insolvent, and knowing that the limited part-
nership was insolvent, borrowed money by mortgaging real estate belonging
to him individually, and used the proceeds in paying off certain of his indi-
vidual debts.

He borrowed the money with the intent of preferring his individual creditors,
and the mortgagee had knowledge of that fact and of the insolvency of the
mortgagor and of the firm.

*Held,* that as the mortgage was not given to the creditors of the special partner,
but to one who actually advanced money thereon, it was not avoided by sec-
tion 21 of title 1 chapter 4 part 2 of the Revised Statutes, rendering void every
security given by a general or special partner, when he or the partnership is
insolvent, or in contemplation thereof, with the intent to give any creditor
of his own a preference over the creditors of the partnership.

The fact that a portion of the money so advanced on the security of the mortgage
was paid in extinguishment of a debt due by the mortgagor to a firm of which
the mortgagee was a member did not invalidate the mortgage.

APPEAL-from a judgment, entered upon the trial of this action
by the court without a jury, dismissing the complaint herein, with
costs.

*B. F. Blair*, for the appellants.

*Henry De Forrest Weeks*, for respondent Grant.

*Fred. P. Forster*, for the respondents Palmer & Forster.

*Geo. H. Forster*, in person.

DAVIS, P. J.:

This action is based upon several judgments of this court,
recovered by the plaintiffs against Richard Vose and Curron Dins-
more as general partners and Charles Phelps Palmer as special
partner of a limited partnership, doing business under the firm name
of Vose, Dinsmore & Co., and against said Charles Phelps Palmer,
as indorser of the several notes upon which the actions were

brought. There were no allegations in the complaints on the several notes that Palmer was liable as a general partner, by reason of any acts or omissions on his part; and the judgment duly determined his liability as such special partner and as indorser.

The object of this action is to set aside as void against the creditors of said firm, a mortgage executed by Palmer to the defendant Richard S. Grant of certain real estate which was his private and individual property, to secure alleged advances made to him by Grant to enable Palmer to pay certain of his individual debts, one of which was a debt owing to a firm of which Grant was a member. It is alleged in substance that Palmer executed the mortgage, being himself insolvent, and knowing that the limited partnership of, which he was a member was insolvent, and with intent to give preferences to the individual indebtednesses paid by him out of the moneys advanced by Grant on said mortgage. The mortgage was for $70,000, of which some $66,000 were advanced by Grant, in money, and the excess, or a portion of it, was for an existing debt owing by Palmer to Grant.

The mortgage had been foreclosed by suit, in which judgment had been recovered for the actual advances only, and the property mortgaged had been sold under the decree of foreclosure and bid in at the judgment sale by the defendant George H. Forster, on behalf of the defendant Grant. At the commencement of the foreclosure suit a *lis pendens* was duly filed, pursuant to the requirement of the Code (which fact is deemed of some importance by the respondent's counsel). The individual creditors of Palmer, to whom the money advanced by Grant was paid, are not made parties to this suit, so that the action attacks only the validity of the mortgage and seeks to enforce the several judgments against the property covered by it.

The plaintiffs rely upon the following provisions of the Revised Statutes in relation to limited partnerships, which are supposed to be applicable to the transaction in this case. " Section 20. Every sale, assignment or transfer of any of the property or effects of such partnership made by such partnership, when insolvent or in contemplation of insolvency, or after, or in contemplation of the insolvency of any partner with the intent of giving a preference to any creditor of such partnership or insolvent partner, over other

creditors of such partnership, and every judgment confessed, lien created or security given by such partnership under the like circumstances, and with the like intent shall be void as against the creditors of such partnership. Section 21. Every such sale, assignment or transfer of any of the property or effects of a general or special partner, made by such general or special partner, when insolvent or in contemplation of insolvency, or after or in contemplation of the insolvency of the partnership, with the intent of giving to any creditor of his own, or of the partnership a preference over creditors of the partnership, and every judgment confessed, lien created or security given by any such partner under the like circumstances, and with the like intent, shall be void as against the creditors of the partnership. (Secs. 20 and 21, tit. 1, chap. 4, part 2 of Revised Statutes; 1 R. S., 766, 767, §§ 20, 21.)

The question lying at the threshold of this case is, whether the transaction between Palmer and Grant was one within the inhibitory provisions of the statute. It must appear to be so, or it is not invalid, because at common law a member of a copartnership, whether special or general, is not prohibited from using or applying his private or individual property to the payment of his private debts, even if the copartnership as such be insolvent.

"In *Hewitt* v. *Northrup* (75 N. Y., 506) it was held that the appropriation by a member of an insolvent firm of his individual property to the payment in full or *pro rata* of his individual debts, if honestly and fairly made, would be upheld under the bankrupt law, as it is such a disposition as the law authorizes and directs."

And it is said in that case, in substance, that the equitable rule for the administration of the property of the persons who are members of an insolvent firm, and also owe private debts, is primarily to marshal the firm property for the firm debts, and the private property for the private debts. And EARL, J., in support of this principle cites *Wilder* v. *Keeler* (3 Paige, 167); *Payne* v. *Matthews* (6 id., 19); *Meech* v. *Allen* (17 N. Y., 300).

The plaintiff in this case must therefore stand upon some exceptional rule created by the statute in relation to limited partnerships. If that statute creates a rule that prevents, with absolute rigor, the special partner of a limited partnership, which becomes or is known to be about to become insolvent, from applying his individual prop-

erty to pay private debts, which he actually owes in good faith, intending that they shall be paid preferably to debts owing by the limited partnership, and for which his contribution to the firm capital is alone liable, then it has imposed a hardship upon him and his creditors, which requires from the courts a strict construction to mollify its unjust severity. It must be restricted to cases clearly within its reasonable scope, otherwise special partners who have paid in their share of the capital, and have done no act to extend their personal liability beyond that amount, may suddenly find themselves unable to pay a private debt without being charged with giving a fraudulent preference. The legislature had no intention to prevent special partners from applying their private property to pay their private debts, whenever equity and good faith permits or demands it.

But, in the case before us, it appears that the mortgage was not given by Palmer to Grant to prefer any indebtedness. It was made to secure actual advances, or in other words, loans made and to be made upon its credit as a security. The statute does not extend to such a case, nor does the fact that the money advanced or loaned was intended to be used to pay creditors of the borrower, and thus, in practical effect, give preference in payment to his private debts, operate under the statute to vitiate the security given upon effecting the loan; for the instrument is not made to give preference to any existing debt. If the special partner had borrowed of a bank $10,000 on his note with collaterals, the fact that he intended to and did pay his private creditors with the money would not vitiate his note nor forfeit the right of the bank to hold his collaterals. The transaction would not be within the spirit or letter of the statute. If a creditor sought to pursue the money paid to a preferred creditor and in his hands, the question raised under the statute would be presented for consideration. How it would be determined need not be conjectured, for the case is not before us. There is no dispute in the evidence but that Grant actually advanced the money for which his mortgage has been enforced, and none as to his knowledge that Palmer intended to and did use it to pay certain of his private creditors. That payment operated as a preferential one. If Palmer knew that he was insolvent, and that the firm of which he was a special partner was or was about to become insolvent, those facts would not operate to vitiate the mortgage on which he

borrowed the money to pay private debts in preference to those of the firm, because that instrument did not give a preference to existing debts forbidden by the statute ; and therefore it was quite immaterial to show that Palmer had so meddled with the affairs of the copartnership as to make himself liable, under another provision of the statute, as a general partner ; or that he knew of the actual or portending insolvency of the firm.

It was not a material error to exclude evidence tending to show either of those facts.    In our view of the law, if proved, they would be ineffective, however clearly proven, and whatever force they might have against the creditors whose debts were preferred by payment of the money borrowed.    The exceptions taken in the course of the trial to the rulings of the court, excluding the evidence offered, cannot therefore be regarded as affecting the correctness of the judgment.

The court found, as matters of fact, that the mortgage was executed to secure actual advances made upon its credit, and that it was not made to give preference to private debts within the meaning of the statute.    These findings entitled the defendant to judgment.

The objection to the record of judgment and other proceedings in the foreclosure suit is of no value, because the admission of that evidence could not rightfully, in the view we have taken of the law, affect the result of the action.    The record was, however, admissible to show that the mortgage was only enforced to the extent of the advances.    It and the bond it secured were nominally for $70,000, and it might have been important to show for what amount it was enforced and claimed by the mortgagee.

We think the judgment should be affirmed, though we may not be able to concur in the reason assigned in the opinion of the court below.

Brady, J., concurred.

Present — Davis, P. J., Brady and Ingalls, JJ.

Judgment affirmed.