## N. Y. COMMON PLEAS.

In the Matter of the Objections filed by WOODWARD & WORTH-INGTON, appellants, to the claims of PHILIP L. MEYER, respondent, under the general assignment of ALVES FEIGELSTOCK.

*Assignment—Claims, how proved — Proof of debt in bankruptcy when not a waiver of a creditor's right to share in the dividends of an assigned estate— Power of referee appointed to pass assignee's account to extend the time in which other claims may be filed.*

The books of a firm are competent and proper evidence to determine the amount of a claim in favor of one partner against the other, so as to entitle the claimant to share in the dividends of an assigned estate, even though the objections to the claim are made by a creditor of the assignor having no relations to the firm and being a stranger to the transactions set forth in the books.

Proof of debt in the bankruptcy of the assignor, without disclosing the lien under the assignment, does not waive the creditor's right to the dividend.

*Ansonia Brass and Copper Co.* agt. *Babbitt* (74 *N. Y.*, 395), distinguished, and sections 5075 and 5105 of the United States Revised Statutes construed.

In any event, to entitle a creditor to claim a waiver by his co-creditor to a dividend out of the assigned estate, by reason of the latter's proof of debt in bankruptcy, it must affirmatively appear that the proving creditor had knowledge of his lien under the assignment.

A referee appointed to pass the assignee's accounts, and to hear and determine the issues raised by objections to certain claims, has the power to extend the time in which other claims may be filed, so as to entitle them to a distributive share in the assets.

*General Term, July,* 1884.

*Before* C. P. DALY, *C. J.,* LARREMORE *and* BEACH, *JJ.*

*Charles M. Hall,* for appellant.

*Ira Leo Bamberger,* for respondent.

LARREMORE, *J.*—On July 10, 1876, Alves Feigelstock made a general assignment for the benefit of all his creditors to

William I. Preston. In the schedule of said creditors the amount of the claim of I. T. Meyer & Co., New York, is put down as unknown, as an unascertained balance due after the accounts were written up. Meyer & Co. had previously made an insolvent assignment (October 20, 1875) to Frederick Lewis, in which no mention is made of the claim against Feigelstock. But Meyer testified that such omission was not his fault. A reference was ordered by this court to pass the account of Preston as such assignee, and to hear and determine the issues raised and objections made to any claims presented. A report was made and confirmed by this court July 23, 1883, overruling the appellant's exceptions thereto, and of which he now asks a review.

It appears by the record that on December 9, 1876, Meyer, who had carried on business under the firm name of Isaac T. Meyer & Co., was adjudged a bankrupt by the United States district court, and subsequently made a composition with his creditors, which was allowed by said court by its order July 20, 1877. After this composition was effected, Isaac T. Meyer and Lewis, his assignee under the general assignment, transferred the claim against Feigelstock to Philip L. Meyer, who presented and proved the same before the referee, who allowed it at the sum $59,960.25, and interest thereon. Two other claims against Feigelstock which had been assigned to Philip L. Meyer, were also allowed by the referee, one of $3,567.05 and interest, to S. I. Bendiner; another of $563.50 and interest, to William F. Mittendorf.

Feigelstock was adjudged a bankrupt July 31, 1877, in which proceedings Lewis, general assignee of Isaac T. Meyer, and Bendiner and Mittendorf were petitioning creditors upon their respective claims as unsecured debts. Bendiner and Mittendorf proved their claims in bankruptcy without stating the fact that they were named as creditors, in the general assignment of Feigelstock to Preston.

It was agreed upon the argument that all objections to the form of the report should be waived, and that the appeal

should be heard upon its merits. This brings up for review the exceptions filed to the report by Woodward and Worthington as to the three claims of Philip L. Meyer, which were allowed by the referee.

*First.* The indebtedness of Feigelstock to Isaac T. Meyer in the sum of $68,459.61.

Whatever suspicion attaches to the fact of the omission of this claim from the schedule made and verified by Isaac T. Meyer, October 29, 1875, the referee could not disregard the books of account and the testimony of the witness Robb. I think the evidence offered justifies the conclusion that the alleged indebtedness existed and was properly allowed by the referee.

*Second.* The Mittendorf and Bendiner claims.

To these the first objection raised was that their presentation was made too late for recognition. The answer to this objection is found in the order of reference. The referee was authorized to fix the time when claims should be presented, and as incident thereto had the power to enlarge that time for sufficient reason shown.

The second objection urged is that the several claimants participated in the bankruptcy proceedings against Feigelstock upon what appeared to be unsecured debts, suppressing the fact that they were entitled to a dividend *pro rata* under the general assignment made by Feigelstock.

In *Ansonia Brass and Copper Co.* agt. *Babbitt* (74 *N. Y.*, 395) the plaintiff had a specific lien by execution and levy upon the property in question, but proved his debt before the register in bankruptcy without disclosing his lien, and directed the sheriff to return the execution immediately. In this case it was held that the plaintiff by proving its debt without disclosing its security, had released its lien, and the property passed to the assignee freed therefrom.

But it cannot be seriously contended that creditors like Meyer, Mittendorf and Bendiner, under a general assignment without preferences, are included within the class referred to

in sections 5075 and 5105 of United States Revised Statutes, nor in the decision of judge VAN HOESEN, *In the Matter of Backer* (2 *Abb. N. C.*, 379). It does not appear that at the time the said creditors proved their claims in bankruptcy, they had any knowledge that they had been named in the insolvent assignment, and without such knowledge there could be no waiver of their claims.

The judgment and order appealed from should both be affirmed, with costs.